U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2005 FEB 16 AM 11 18

CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT
AT BURLINGTON

Kevin L. Landis
P.O. Box 2051
S. Burlington, VT 05407-2051,

Case No. 2:05cv 32

PLAINTIFF,

v.

Bowl New England
215 Lower Mountain View Dr.
Colchester, VT 05446,

Scott A. Brooks
215 Lower Mountain View Dr.
Colchester, VT 05446,

DEFENDANTS.

**Complaint in Civil Action**

### *For a First Cause of Action*

1. Plaintiff Kevin L. Landis (hereinafter "Plaintiff" or "Landis") resides in South Burlington, VT, with his mailing address being P.O. Box 2051, S. Burlington, VT 05407-2051.

2. Defendant Bowl New England (hereinafter "BNE") has its primary place of business in Colchester, VT, with a mailing address of 215 Lower Mountain View Dr., Colchester, VT 05446;

3. Defendant Scott A. Brooks (hereinafter "Brooks") is an employee of Defendant Bowl New England, employed as the Director of Human Resources, and has a mailing address of 215 Lower Mountain View Dr., Colchester, VT 05446. This Defendant is being sued in both his professional and individual capacities in this lawsuit.

4. The Plaintiff hereby brings this action pursuant to the Americans with Disabilities Act, and invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. 1331.

5. The Plaintiff brought an action through the Equal Employment Opportunity Commission (hereinafter "EEOC") on November 30, 2004, by signing a "Charge of Discrimination", charge no. 161-2005-00157, prepared by the EEOC.

6. The Plaintiff provided EEOC with additional information during December of 2004, and EEOC prepared an amended "Charge of Discrimination" which the Plaintiff signed on December 31, 2004.

7. The Plaintiff was notified of his right to sue by EEOC on January 21, 2005.

8. The Plaintiff additionally brought a civil lawsuit in the Chittenden Superior Court against the same Defendants named herein for state law violations stemming from conduct directly related to the claims herein, under docket no. *S-1564-04-CnC, Landis v. Bowl New England and Scott Brooks.*

9. The Plaintiff was hired by BNE on April 14, 2004 as a mechanic in BNE's Colchester, VT location, specifically at Yankee Lanes.

10. The Plaintiff flew to BNE's location in Vermont for several weeks at a time beginning in March of 2004 to perform work for BNE as a mechanic.

11. The Plaintiff, in interviewing with BNE in February of 2004, discussed his work history and experience with BNE, specifically with Brooks, and explained that he had been out of work for a period of time due to injuries and recovery due to an automobile accident sustained in Myrtle Beach, SC in 2002.

12. Brooks inquired into the nature of the Plaintiff's injuries at the time of the interview, whereupon the Plaintiff told Brooks that he had returned to work following his surgery and recovery, and that the Plaintiff had no problems since returning to work during July of 2003.

13. BNE decided to bring Landis to their location in Vermont and formally interview Landis for the position of "head mechanic" during March of 2004.

14. BNE, after speaking with Landis at the interview, offered Landis the position of "head mechanic", and offered Landis a starting salary of $ 725.00 per week.

15. Landis was required to work a 50 hour week, being paid an amount of $ 13.18 per hour for work of 40 hours per week, and an amount of $ 19.77 per hour for the additional 10 hours per week required of Landis.

16. Landis was asked by Brooks, on or about June 1, 2004, to submit to a physical examination, which Landis refused.

17. Landis was again asked by Brooks, on or about July 16, 2004, to submit to a physical examination, as Brooks told Landis that he "discovered" that Landis had suffered a "TIA or mini-stroke" around December of last year (2003). Landis again refused, and asked Brooks to stop making inquiries into his alleged health problems.

18. Landis was again confronted by Brooks in a private meeting with Brooks, on or about October 10, 2004, with Mike Corely, Landis' district manager, in attendance, and was questioned by Brooks about a very recent hospitalization in the Emergency Department.

19. Landis, at this meeting, was also accused of taking drugs, like "legalized heroin or oxycontin", and was asked, again, to submit to a physical examination based upon Brooks baseless allegations. Landis refused a physical examination, and requested a drug screen to be performed for the purpose of detecting any narcotics, which Brooks refused.

20. Brooks additionally spoke to Landis' wife, specifically asking her what Landis was "on".

21. Brooks also threatened Landis with termination if Landis were to challenge Brooks' actions. Brooks specifically stated "you'll be gone if you come after me."

22. Landis reported Brooks actions, repeated requests for physicals, and Brooks' allegations of Landis "being on drugs" to Mr. Tim Corely on or about October 12, 2004, to which Landis was told that Brooks was 'only looking out for your [Landis'] safety and well being'. No further action was taken in the matter.

23. Landis asserts that BNE and Brooks have violated the Americans with Disabilities Act by repeatedly requesting prohibited medical information and/or a physical examination of Landis after hiring Landis, and when no one else in a mechanic position was required to provide medical information and/or was required to submit to a physical examination.

24. Landis further asserts that the Defendants, having discriminated against him due to his record of, and/or perceived, disability, are liable to him for damages.

### *For a Second Cause of Action*

25. Landis repeats paragraphs 1 through 23 verbatim, and pleads the same herein.

26. Landis, on or about October 24, 2004, was injured in the scope of his employment with BNE when a step between two pinsetting machines broke as Landis was climbing up on the machines to repair one. Landis fell to the floor, sustaining injuries to his lower back and his hip.

27. Landis was transported to Fletcher Allen Health Care Emergency Department by EMS following his fall, as he was in severe pain, and was unable to move his lower extremities freely.

28. BNE reported the injury to its worker's compensation carrier, AIG Claims Services the following day.

29. Landis was diagnosed with a lumbar strain by the Emergency Physician, was given prescriptions for pain medication, skeletal muscle relaxants, and steroids, was to be off work for 3 days, and was to follow up with a primary care physician within three days.

30. Landis, being new to the area, followed up with Champlain Valley Urgent Care (hereinafter "Champlain") on October 28, 2004, and was examined by Dr. Stephen Groskin, where Landis was placed on restrictions which did not allow Landis to fully perform his duties of head mechanic.

31. Landis returned to Champlain on November 3, 2004 for follow up, where his restrictions were eased somewhat, but still precluded Landis from his position of head mechanic.

32. Landis was capable of performing work at the front desk and/or snack bar, as he worked several years in bowling center management with AMF Bowling Worldwide.

33. Landis continued follow up with Champlain until December 17, 2004, when he changed physicians and began seeing Dr. S. Elizabeth Ames (hereinafter "Ames") at the Spine Institute of New England.

34. Following tests and X Rays, Ames concluded that, while Landis' hardware did not move or break, the disc level at L3-4 had some movement in it, despite being previously fused, and that there was "angular change" at this level.

35. Landis is continuing to follow-up with Ames.

36. Landis has been released to return to work, with restrictions, since October 28, 2004.

37. The Defendants have been made aware of the restrictions and that Landis has wanted to return to work, even in a different position, since October 28, 2004.

38. Landis could perform his duties as head mechanic by way of having assistance lifting the lane machine, and by being scheduled to work during daytime hours.

39. BNE did hire and train new personnel to work at both the front desk and in the snack bar while Landis was under restriction.

40. BNE knew that Landis was capable and willing to perform the position at either the front desk or the snack bar, and was informed by Landis that he wanted to be placed in either position on several occasions.

41. Despite the fact that Landis could and was willing to work his position with the requested modifications, or that Landis was willing to work in a front desk and/or a snack bar position, Landis was terminated on November 11, 2004 "due to your inability to perform these components [lifting lane machine and climbing] of your job we have decided to separate you from our employment."

42. Landis asserts that BNE having failed to provide a reasonable accommodation for my disability, has violated his rights under the Americans with Disabilities Act, and is liable for damages for illegal discrimination.

### *For a Third Cause of Action*

43. Plaintiff Landis recites paragraphs 1 through 41 verbatim, and pleads the same herein.

44. Landis contends that BNE and Brooks, following service of the charge by EEOC, on or about December 16, 2004, informed Landis that he could no longer patronize Yankee Lanes.

45. Landis was involved in two bowling leagues at Yankee Lanes, his wife one league, and his children one league.

46. Landis asserts that BNE and Brooks' action is in retaliation for his charge with EEOC, and violates Landis' rights under the Americans with Disabilities Act.

47. Landis further asserts that the Defendants are liable to him for damages as a result of retaliation.

### *Relief Demanded*

1. Landis hereby DEMANDS trial by jury of this cause.

6

2. Landis requests his state court case, Chittenden Superior Court Docket No. S-1564-04 CnC, Landis v. Bowl New England, et. al., be removed to this court, and joined to this case as pendant state claims.

3. Landis hereby DEMANDS not less than $ 100,000.00 in compensatory damages for discrimination, mental duress, lost wages, and retaliation.

4. Landis hereby DEMANDS not less than $ 350, 000.00 in punitive damages.

WHEREFORE, the Plaintiff prays for the relief DEMANDED herein, for all costs and fees to be taxed to the Defendants herein, and for any additional relief deemed just and proper by the Court in this cause.

Feb. 7, 2005
Date

*Kevin L. Landis,*
Plaintiff, pro-se
P.O. Box 2051
S. Burlington, VT  05407-2051
(802) 734-8481

I declare, under the penalty of perjury, that the foregoing is true and complete to the best of my knowledge and belief.

Feb. 7, 2005
Date

Kevin L. Landis